

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0385-08

**JOHN URANGA, III, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SIXTH COURT OF APPEALS
### WICHITA COUNTY

**Meyers, J.,** *filed a concurring opinion.*

### <u>CONCURRING OPINION</u>

I agree with the majority that there was no error in this case. However, I disagree

with the path taken to reach that result. Article 37.07, Section 3, of the Code of Criminal

Procedure–"Evidence of prior criminal record in all criminal cases after a finding of

guilty"–states,

> Regardless of the plea and whether the punishment be assessed by the judge
> or the jury, evidence may be offered by the state and the defendant as to any
> matter the court deems relevant to sentencing, including but not limited to
> the prior criminal record of the defendant, his general reputation, his

character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3.  Under Article 37.07, the extraneous, unadjudicated offense at issue could properly be offered at the punishment stage.  In fact, it seems that jurors are encouraged to punish a defendant in their deliberations for any extraneous offenses offered at the punishment phase.  Therefore, the trial court's hearing on the question of actual bias by this juror and any subsequent discussion regarding a mistrial was unnecessary.

Though I have long disliked Article 37.07's broad allowance for the consideration of extraneous crimes, it nevertheless controls the resolution of this case.  For this reason, I respectfully concur.

Meyers, J.

Filed: November 17, 2010

Publish